CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

**APR 1 7 2013**

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| TERESA PENCE, | ) |
| | ) Civil Action No. 7:12CV00402 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| V. | ) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) By: Hon. Glen E. Conrad |
| Commissioner of Social Security,[1] | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Teresa Pence, was born on February 18, 1957, and eventually completed her high school education. Mrs. Pence also attended college. Plaintiff worked for many years as a utilities billing supervisor. She last worked on a regular and sustained basis in 2009. On September 1, 2009, Mrs. Pence filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on June 30, 2009, due to fibromyalgia, severe migraine headaches, high blood pressure, and depression. Plaintiff now maintains

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this suit. See Social Security Act § 205(g), 42 U.S.C. § 405(g).

that she has remained disabled to the present time. The record reveals that Mrs. Pence met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Plaintiff's claim for benefits was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 10, 2011, the Law Judge also determined that Mrs. Pence is not disabled. The Law Judge found that plaintiff suffers from obesity, obstructive sleep apnea, fibromyalgia, migraines, chronic fatigue syndrome, and arthralgias of the knees and hands. (TR 11). Despite plaintiff's physical problems, the Law Judge ruled that Mrs. Pence retains sufficient functional capacity to return to her past relevant work as a billings supervisor. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is capable of lifting/ carrying 10 pounds frequently and 20 pounds occasionally; standing/ walking for 6 hours in a normal 8 hour work day; sitting for 6 hours in a normal 8 hour work day; she is capable of occasionally climbing ramps and stairs, balancing, kneeling, crouching, and stooping; she is precluded from crawling; she is capable of frequent reaching, handling, and fingering; with no excessively loud background noise; and she requires work that allows her to avoid hazardous machinery, unprotected heights, climbing ladders, ropes, or scaffolds, or on vibrating surfaces.

(TR 13). Given the finding of residual functional capacity for performance of past relevant work, the Law Judge concluded that Mrs. Pence is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. §§ 404.1520(f).[2] The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Pence has now appealed to this court.

---

[2] While the Law Judge cited 20 C.F.R. § 404.1520(g), as regulatory authority for the denial of plaintiff's claim (TR 18), a finding of capacity for performance of past relevant work falls under the provisions of 20 C.F.R. § 404.1520(f).

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Law Judge's finding of residual functional capacity for past relevant work is supported by substantial evidence. The medical evidence confirms that Mrs. Pence suffers from fibromyalgia, and many associated conditions. In the last several years, she has been treated for pain in her back, knees, and hands. Her doctors have also diagnosed migraine headaches, chronic fatigue syndrome, and obstructive sleep apnea. Finally, plaintiff experiences notable obesity. Based on his treatment of Mrs. Pence over a period of several years, plaintiff's treating rheumatologist, Dr. Joseph Lemmer, has submitted findings, assessments, and opinions indicating that plaintiff's fibromyalgia is totally disabling in overall impact. However, the Administrative Law Judge rejected Dr. Lemmer's opinion. Instead, the Law Judge relied on reports from nonexamining state agency physicians, and a consultative report from Dr. William H. Humphries, in finding residual functional capacity for past relevant work.

To the extent that the Law Judge's opinion can be read as giving greater weight to the reports of the nonexamining state agency physicians over those of Dr. Lemmer, Dr. Humphries, and other doctors who personally examined and treated Mrs. Pence, the court believes that the Law Judge's opinion is not consistent with the governing administrative regulations. See 20 C.F.R. § 404.1527

3

(generally, greater weight should be accorded to the opinions of physicians who have actually seen and treated the claimant over a period of time, especially concerning medical issues within the physicians' area of specialization). However, the court believes that the Administrative Law Judge reasonably relied on Dr. Humphries' report. Dr. Humphries submitted a comprehensive physical assessment after an actual examination of Mrs. Pence. The difficulty in the case is that Dr. Humphries' physical findings do not support the notion that plaintiff retains sufficient functional capacity to perform past relevant work.

As previously noted, Dr. Lemmer, the treating rheumatologist, produced findings and opinions which indicate that Mrs. Pence does not possess the stamina to work on a regular and sustained basis. Dr. Lemmer's clinical notes indicate that plaintiff suffers from arthritic symptoms associated with fibromyalgia. However, the court agrees with the Administrative Law Judge's assessment that Dr. Lemmer's physical findings are not totally consistent with his clinical notes. In contrast, Dr. Humphries' physical findings appear to be more objective and grounded on the clinical notations from his examination. Dr. Humphries eventually determined that Mrs. Pence possesses sufficient capacity to perform light to medium exertional activities. However, in his assessment of plaintiff's ability for work-related activities, Dr. Humphries indicated that plaintiff could sit for no more than two hours without interruption and stand for no more than one hour without interruption. (TR 440). More to the point, the consultant also reported that plaintiff is able to use her hands for reaching and handling of objects only on an occasional basis. (TR 441).

Mark Heilman testified at the administrative hearing in this case as a vocational expert. The vocational expert noted that the work of a utilities billing supervisor, as performed by plaintiff, was light in exertional requirements. (TR 41). Assuming the residual functional capacity eventually found by the Administrative Law Judge in her opinion, the vocational expert testified that Mrs. Pence could be said

4

to retain sufficient functional capacity to perform her past job. (TR 42). However, when asked to consider the work-related limitations identified by Dr. Humphries, the vocational expert testified that plaintiff would not be able to perform her prior work role. The vocational expert explained his opinion as follows:

The reason is specifically in terms of its stating occasional reaching and handling. The job as performed and as listed by the DOT requires frequent reaching and handling activities to perform it.

(TR 43). The vocational expert went on to indicate that the limitations identified by Dr. Humphries would greatly limit plaintiff's vocational potential. (TR 43-45).

As noted above, the Administrative Law Judge ultimately concluded that Mrs. Pence is capable of frequent reaching, handling, and fingering. (TR 13). However, the court finds no evidence, at least from the sources preferred under 20 C.F.R. § 404.1527, which supports this critical determination. The treating rheumatologist, Dr. Lemmer, has consistently produced findings and opinions which suggest total disability for all forms of work. Dr. Humphries, the medical consultant who was commissioned by Disability Determination Services to examine and evaluate plaintiff's physical condition, specifically noted that Mrs. Pence is no longer able to use her hands with the frequency considered necessary by the vocational expert for performance of work as a utilities billing supervisor. In such circumstances, the court must conclude that the Law Judge's finding of residual functional capacity for past relevant work is not supported by substantial evidence.

The court notes that the vocational expert's testimony could be interpreted as indicating that Mrs. Pence possesses residual functional capacity to perform alternate work roles existing in the national economy. However, the Administrative Law Judge did not undertake to evaluate Mrs. Pence's claim at the fifth and final step of the sequential disability analysis set forth under 20 C.F.R. § 404.1520(g). Moreover, the court believes that the hypothetical questions put to the vocational expert are somewhat

5

suspect, in that they do not include all of the nonexertional limitations documented in the medical and vocational records.[3] See Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983) (in cases of combinations of exertional and nonexertional impairments, it is appropriate for the Commissioner to receive input from vocational experts). Considering all of these circumstances, the court concludes that the better alternative is to remand this case to the Commissioner for further consideration.

For the reasons sated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). The court believes that further input from a qualified vocational expert is necessary for proper adjudication of Mrs. Pence's claim for benefits. Upon remand, both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

Dated this __17th__ day of April, 2013.

Jou Conrad

Chief United States District Judge

---

[3] As noted by the Administrative Law Judge, it appears that Mrs. Pence discontinued her work as a billing supervisor because of "stress." (TR 14). It is also undisputed that plaintiff experiences nonexertional pain caused by migraine headaches. See 20 C.F.R. § 404.1569(a). Finally, the court notes that neither the Law Judge nor the vocational expert gave explicit consideration to the fact that Dr. Humphries' physical assessment seemingly documents plaintiff's need for a "sit/stand option." SSR 83-12, 1983-1991 Soc.Sec.Rep.Serv. 36, 1983 WL 31253 (S.S.A.).